IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:07-CR-172(1) |
| | § | |
| STEVEN RAY WILLIAMS | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed May 10, 2013, alleging that the Defendant, Steven Ray Williams, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on March 11, 2008, after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. The offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 19 and a criminal history category of V, was 57 to 71 months. The Defendant was sentenced to 57 months' imprisonment, followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include: financial disclosure, drug aftercare, alcohol abstinence, and a $100 special assessment.

## II. The Period of Supervision

On June 4, 2012, Williams completed his period of imprisonment and began service of the supervision term.

## III. The Petition

United States Probation filed the original Petition for Warrant for Offender Under Supervision alleging eight violations[1]: 1.) that the Defendant committed another federal, state, or local crime; 2.) that the Defendant did not refrain from unlawful use of a controlled substance; 3.) that Defendant did not report to the probation officer, and did not submit a truthful and complete written report within the first five days of each month; 4.) that the Defendant did not notify the probation officer ten days prior to any change of residence or employment; 5.) that the Defendant did not refrain from excessive use of alcohol; 6.) that the Defendant did not abstain from alcohol during the term of supervision; 7.) that the Defendant did not notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer; and 8.) that the Defendant did not participate in a drug and alcohol testing and treatment program under the guidance and direction of the U.S. Probation Office.

## IV. Proceedings

On May 28, 2013, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the third

---

[1] The numbering of allegations in the petition is incorrect.

allegation in the petition, which asserts that Williams submitted delinquent monthly supervision reports for the months of July-December of 2012, and January-April of 2013. The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of twelve (12) months' and one (1) day imprisonment with no term of supervised release to follow.

## V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to report to the probation officer as directed, he will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of V, the guideline imprisonment range is 7 to 13 months.

According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by a sentence of imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the third allegation that he violated his conditions of supervised release by failing to report to the probation officer as directed by the Court, and failing to submit a truthful and complete written report within the first five days of each month. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is V. Policy guidelines suggest 7 to 13 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of twelve (12) months' and one (1) day imprisonment, with no term of supervised release to follow.

### VII. Recommendations

1. The Court should find that the Defendant violated a standard condition of supervised release by failing to report to the probation officer as directed by the Court, and failing to submit a truthful and complete written report within the first five days of each month.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.

3. The Defendant should be sentenced to a term of imprisonment of twelve (12) months' and one (1) day imprisonment, with no term of supervised release to follow.

4. The Defendant has requested to serve his term of imprisonment at the BOP facility in Beaumont, Texas. The undersigned requests the Court to make this recommendation to the Bureau of Prisons.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge

imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 30th day of May, 2013.

_____
Zack Hawthorn
United States Magistrate Judge